UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard E. Trice Bey, # 83710-020, <br> *aka* Richard Edward Trice, <br><br> Petitioner, <br><br> vs. <br><br> Ms. D. Drew, *Warden, FCI Bennettsville, SC*, <br><br> Respondent. | C/A No. 4:12-1063-JFA-TER <br><br><br> Report and Recommendation |

      This is an action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Petitioner is a federal prisoner at FCI-Bennettsville.

      In an order filed in this case on May 4, 2012, the undersigned directed Petitioner to bring this case into "proper form" by submitting a Motion for Leave to Proceed *in forma pauperis* or by paying the five-dollar ($5) filing fee. Petitioner has submitted a Motion for Leave to Proceed *in forma pauperis*, which has been granted by the undersigned in a separately-filed order.

      Petitioner on May 10, 2012, submitted a Motion to Transfer or Dismiss (ECF No. 15). In the motion, Petitioner indicates that he is seeking a transfer to the sentencing court (the United States District Court for the Middle District of Georgia) because a statute of limitations issue "may be eminent." Petitioner also indicates that his claim in the above-captioned case might be "non successive" if the claim did not ripen until after the conclusion of Petitioner's prior Section 2255 action in the United States District Court for the Middle District of Georgia.

Transfer of the above-captioned case to the sentencing court would give Petitioner the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Moreover, the United States District Court for the Middle District of Georgia maintains records pertaining to Petitioner's closed criminal case and prior Section 2255 action. The United States District Court for the Middle District of Georgia can determine whether Petitioner's claims are cognizable under 28 U.S.C. § 2241 or under 28 U.S.C. § 2255, and whether Petitioner must satisfy the gate-keeping provisions of 28 U.S.C. § 2244 with respect to the above-captioned case.

### *Recommendation*

Accordingly, it is recommended that the District Court grant, *in part*, Petitioner's Motion to Transfer or Dismiss (ECF No. 15) and transfer the above-captioned case to the United States District Court for the Middle District of Georgia. Petitioner's attention is directed to the Notice on the next page.

|  |  |
|---|---|
| | s/Thomas E. Rogers, III |
| May 17, 2012 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
Post Office Box 2317
Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).